IN THE UNITED STATES DISTRICT COUR
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIBRANT MEDIA GROUP, LLC | ) |
| PLAINTIFF | ) |
| v. | ) |
| SALMAN KHAN, KATRINA KAIF, NIRAJ SHRIDHAR, RANVEER SINGH, SONAKSHI SINHA, USHA MANGESHKAR, AKSHAY KUMAR, PRABHU DEVA, UDIT NARAYAN, ALKA YAGNIK, Matrix India Entertainment Consultants Private Limited, and Yashraj Films Private Limited, | ) ) ) ) ) ) ) ) |
| DEFENDANTS | ) |

CIVIL COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, CONVERSION, UNJUST ENRICHMENT, NEGLIGENT MISREPRESENTATION, FOR INJUNCTIVE RELIEF AND FOR DECLARATORY RELIEF

Plaintiff Vibrant Media Group, LLC, ("Plaintiff") by and through its attorney Laxmi P. Sarathy, complains of the Defendants as follows:

**NATURE OF THE COMPLAINT**

1. This is an action for damages, injunctive relief, and declaratory judgment against Defendants Salman Khan, Katrina Kaif, Niraj Shridhar, Ranveer Singh, Sonakshi Sinha, Usha Mangeshkar, Akshay Kumar, Prabhu Deva, Udit Narayan, Alka Yagnik, Matrix India Entertainment Consultants Private Limited, and Yashraj Films Private Limited, for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, conversion, unjust enrichment, and negligent misrepresentation. By reason of Defendants' actions, Plaintiff has been damaged in an amount to be determined at trial, plus punitive damages.

**JURISDICTION AND VENUE**

2. Plaintiff Vibrant Media Group, LLC, is a limited liability corporation organized under the laws of the State of Illinois.

3. Upon information and belief,

    a. Defendant Salman Khan is an Indian actor domiciled in the City of Mumbai.

    b. Defendant Katrina Kaif is an Indian actor domiciled in the City of Mumbai.

    c. Defendant Niraj Shridhar is a citizen of the Country of India, domiciled in the City of Mumbai.

    d. Defendant Ranveer Singh is an Indian actor domiciled in the City of Mumbai.

    e. Defendant Sonakshi Sinha is an Indian actor domiciled in the City of Mumbai.

    f. Defendant Usha Mangeshkar is a citizen of the Country of India, domiciled in the City of Mumbai.

    g. Defendant Akshay Kumar is an Indian actor domiciled in the City of Mumbai.

    h. Defendant, Prabhu Deva is an Indian actor domiciled in the City of Mumbai.

    i. Defendant Udit Narayan is a citizen of the Country of India, domiciled in the City of Mumbai.

    j. Defendant Alka Yagnik is a citizen of the Country of India, domiciled in the City of Mumbai.

    k. Defendant Matrix India Entertainment Consultants Private Limited is a company organized under the laws of India.

    l. Defendant Yashraj Films Private Limited is a company organized under the laws of India.

4. Plaintiff and each of the above Defendants contracted for services to be provided within the State of Illinois, County of Cook.

5. All events associated with this action arise out of transactions that occurred in Cook County, Illinois.

6. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000.00, and is between citizens of different countries.

7. Supplemental jurisdiction over the state law claims is appropriate under principles of supplemental jurisdiction, 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Vibrant Media Group, LLC., because it is an Illinois limited liability company.

9. This Court has personal jurisdiction over the Defendants because they each have established minimum contacts with the State of Illinois in connection with their contracts with Vibrant Media Group, LLC., sufficient to give rise to personal jurisdiction.

10. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. Plaintiff is in the business of promoting and organizing events bringing Bollywood actors and singers to perform for the South Asian / Indian American community in the Chicagoland area.

12. Plaintiff contemplated and organized an event commemorating 100 years of Indian Cinema ("Event").

13. Plaintiff promoted various events to occur on or around August 31, 2013, and September 1, 2013, to take place at the Sears Center Arena, Chicago, Illinois.

14. Plaintiff contemplated that Defendant Salman Khan, a famous Bollywood actor, would be the main star attraction of the event, with other defendants, other famous actors and singers in India, to appear and perform live at the Event.

15. On or about the 30th of May, 2013, Plaintiff entered into a contract with Mr. Salman Khan, and Matrix India Entertainment Consultants Private Limited ("Salman Contract"), for his appearance and live performance at the Sears Center, Chicago, on September 1, 2013.  A copy of the contract is attached as Exhibit 1.

16. As contemplated in the Salman Contract, Plaintiff caused to be paid via wire transfer funds in the amount of INR 6,000,000.00 ($106,440.00 USD) on May 30, 2013 and another sum of INR 6,000,000.00 ($103,824.19) on June 12 2013, for a total of INR 12,000,000.00 or $210,264.19.  Copies of the wire transaction is attached as Exhibit 2.

17. On or about 26th of June 2013, Plaintiff entered into a contract with Ms. Katrina Kaif and Matrix India Entertainment Consultants Private Limited ("Katrina Contract"), for her appearance and live performance at the Sears Center, Chicago, on September 1, 2013. Copy of the contract is attached as Exhibit 3.

18. As contemplated in the Katrina Contract, Plaintiff caused to be paid via wire transfer funds in the amount of $40,000.00 on April 4, 2013.  Copy of the wire transaction report is attached as Exhibit 4.

19. On or about the 26th of June 2013, Plaintiff entered into a contract with Mr. Niraj Shridhar for his live performance at the Sears Center, Chicago, on September 1, 2013. A copy of the contract is attached as Exhibit 5.

20. On or about the 3rd day of April, 2013, Plaintiff entered into a contract with Mr. Ranveer Singh, and Yashraj Films Private Limited ("Ranveer Contract"), for his appearance and live performance at the Sears Center, Chicago, on September 1, 2013. Copy of the contract is attached as Exhibit 6.

21. As contemplated in the Ranveer Contract, Plaintiff caused to be paid via wire transfer on April 3, 2013, funds in the amount of $20,000.00.

22. On or about the 14th day of May 2013, Plaintiff entered into a contract with Ms. Sonakshi Sinha ("Sonakshi Contract"), for her appearance and live performance at the Sears Center, Chicago, on September 1, 2013. Copy of the contract is attached as Exhibit 7.

23. As contemplated in the Sonakshi Contract, Plaintiff caused to be paid via wire transfer on dates May 8, 2013, May 12, 2013, and June 20, 2013, funds in the amounts of $18,518.00, $10,000.00, and $8,392.79 respectively for a total of $36,910.79. Copy of the transfer report is attached as Exhibit 8.

24. On or about the 28th of June 2013, Plaintiff entered into a contract with Ms. Usha Mangeshkar, for her appearance and live performance at the Sears Center, Chicago, on September 1, 2013. Copy of the contract is attached as Exhibit 9.

25. In preparation for the event, Plaintiffs obtained financial contributions from various members for a total of $363,200.00.

26. Plaintiffs entered into a contract with Sears Center Arena for the Event. Copy of contract with Sears is attached as Exhibit 10.

27. Furthermore, Plaintiffs expended considerable amount of funds in promoting the event including advertising, media coverage and marketing.

28. In or around July 2013, the actor Salman Khan was charged with culpable homicide for the hit and run death of a homeless man and was arrested in India.

29. Additionally, Defendant Salman Khan was also in legal proceedings for illegal hunting and poaching in India.

30. Because Salman Khan was unable to leave India, the show was postponed to November 2013.

31. Defendant Salman Khan's legal troubles did not resolve itself by November 2013, and the show had to be put on hold.

32. Upon information and belief, Defendant Salman Khan is now no longer in legal troubles and is now available to perform.

33. Plaintiff contacted the Defendants to schedule the Event, but has been met with no response.

34. Plaintiff has learned that the Defendants have now agreed to appear and perform live for the celebration of the 100 years of Indian Cinema with an entity other than the Plaintiff.

35. Plaintiff's attempts to reach the Defendants to discuss further has been in vain.

## COUNT I:  BREACH OF CONTRACT

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff had a contract with the Defendants for appearance and live performance at the Event.

38. Defendants breached that contract by failing to appear and deliver the live performance.

39. Defendants also breached that contract by accepting funds from the Plaintiff and subsequently failing to perform their respective duties pursuant to the contract.

40. Plaintiff fully complied with the contract between the parties and performed all its required obligations under the contract.

41. As a result of each Defendant's breach of contract, Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT II:  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

42.  Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

43. The contracts, agreements and past practices between Plaintiff and Defendants created a duty of good faith and fair dealing on the part of the Defendant.

44. Defendants breached their duties by failing to perform when requested.

45. Defendants breached their duties by accepting funds from Plaintiff and failing to perform their respective duties pursuant to the contract.

46. Defendants are liable to the Plaintiff for Plaintiff's damages and losses resulting from Defendants' breach of their covenant of good faith and fair dealing towards the Plaintiff.

47. As a result of Defendants' breaches, Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT III: BREACH OF FIDUCIARY DUTY

48. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

49. The parties had a relationship of trust and confidence giving rise to a fiduciary duty, as Defendants were effectively an employee of Plaintiff for the duration of the parties' contract. Defendants were to act primarily for the benefit of the Plaintiff while performing their respective duties pursuant to the contract.

50. Defendants breached their fiduciary duties by failing to appear at the scheduled events, behaving in a wholly unprofessional manner, and by attempting to perform for a party other than the Plaintiff.

51. As a result of the Defendants' breach of fiduciary duty, Plaintiff suffered damages and is entitled to compensatory damages in an amount to be proven at trial.

52. As a result of Defendants' breach of fiduciary duty, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## COUNT IV: CONVERSION

53. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

54. Defendants have unlawfully retained the amounts Plaintiff wired into their respective accounts, as they have failed to perform pursuant to their contract.

55. Plaintiff has, on multiple occasions, demanded that the Defendant return their funds.

56. Defendants have refused to return the funds, resulting in conversion.

57. As a result of Defendants' multiple acts of conversion, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than the amounts previously deposited into the individual defendants' accounts.

## COUNT V: UNJUST ENRICHMENT

58. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

59. Defendants accepted and retained the funds deposited into their individual accounts as payment for services they failed to provide, and has failed to return the funds deposited into their respective accounts despite abandoning the Event.

60. Defendant has knowingly benefited by retaining these funds, and allowing them to keep these funds despite their failure to perform would be unjust.

61. As a result of Defendants' unjust enrichment, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $1,000,000.00.

## COUNT VI: NEGLIGENT MISREPRESENTATION

62. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

63. Defendants negligently misrepresented the true nature of the legal troubles Defendant Salman Khan caused for himself when agreeing to perform their duties pursuant to the parties' contracts, and in particular when the Event was postponed to a later date.

64. Defendants negligently misrepresented the true facts concerning the legal troubles with the intent to defraud, and with intent to induce reliance thereon by the Plaintiff.

65. Plaintiff reasonably relied upon the negligent statements and misrepresentations made by Defendants, and other statements as set forth above.

66. Had the material facts concerning the matters misrepresented by the Defendants been known to Plaintiff beforehand, Plaintiff would not have signed the contracts, or deposited the sums into the Defendants' individual accounts.

67. Had the material facts concerning the matters misrepresented by the Defendants been known to Plaintiff beforehand, Plaintiff would not have provided any of the aforementioned consideration or undertakings to Defendants in 2013.

68. As a result of Defendants' misrepresentations, Plaintiff secured additional services, such as event space, sponsors, vendors, advertisements, media coverage, and supporting artists.

69. As a direct and proximate result of Defendants' misrepresentations of material facts, Plaintiff has suffered damages in an amount to be determined according to proof at trial.

70. Plaintiff is also entitled to punitive damages as a result of Defendants' negligent misrepresentations.

**COUNT VII: REQUEST FOR INJUNCTIVE RELIEF**

71. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

72. Defendants contracted with Plaintiff to perform at the Event, and received consideration. They have not discharged their obligations to the Plaintiff; they have contracted to perform at another event ("Competitor Event") that bears the same title as Plaintiff's Event.

73. Plaintiff has expended considerable resources to facilitate the Event, in reliance upon the expectation Defendants would perform at the Event. Plaintiff agreed to postpone the Event in reliance upon the expectation that Defendants would perform at the newly agreed upon date. To allow Defendants to perform at the Competitor Event would be a gross injustice.

74. Plaintiff seeks this Court's assistance in enjoining the Defendants from performing at the Competitor Event until such time as they have discharged their obligations to the Plaintiff.

75. Plaintiff is entitled to such relief, as a matter of equity.

**COUNT VIII: REQUEST FOR DECLARATORY RELIEF**

76. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

77. Defendants contracted with Plaintiff to perform at the Event, and received consideration. Defendants have not discharged their obligations to the Plaintiff; they

have contracted to perform at another event that bears the same title as Plaintiff's Event.

78. Plaintiff has expended considerable resources to facilitate the Event, in reliance upon the expectation Defendants would perform at the Event. Plaintiff agreed to postpone the Event in reliance upon the expectation that Defendants would perform at the newly agreed upon date. To allow Defendants to perform at the Competitor Event would be a gross injustice.

79. Plaintiff seeks this Court's assistance in obtaining a declaration that any contracts Defendants enter into for performance at the Competitor Event, or any other similar events, are null and void.

80. Plaintiff is entitled to such relief, as a matter of equity.

WHEREFORE, Plaintiff requests judgment against the Defendants for the following:

a. Injunction against performing for any other entity than the Plaintiff;

b. Damages in an amount to be determined at trial;

c. Costs of this action, including attorneys' fees;

d. An injunction against the Defendants from performing an event similar to that of the Plaintiffs with any other entity other than Plaintiff;

e. Such other and further relief that this Court deems just and proper.

Respectfully submitted,

VIBRANT MEDIA GROUP LLC<br>Plaintiff

By: /s/ Laxmi P. Sarathy<br>Attorney for the Plaintiff

Laxmi P. Sarathy
3525 W Peterson
Suite 208
Chicago, IL 60659
Tel: 312-674-7965
Fax: 312-873-4774